FILED
VANESSA L. ARMSTRONG

OCT 2 6 2020

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                         CRIMINAL ACTION NO. 3:20-CR-00054-DJH

**DAMION LEMONT HAYES**                                    DEFENDANT

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States

of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky,

and defendant, DAMION LEMONT HAYES, and his attorney, Chastity Beyl, have agreed upon

the following:

1.      Defendant acknowledges that he has been charged in the Indictment in this case

with violations of Title 18, United States Code, Sections 2119 & 2.

2.      Defendant has read the charges against him contained in the Indictment and those

charges have been fully explained to him by his attorney.  Defendant fully understands the nature

and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Count 1 in this case.  Defendant

will plead guilty because he is in fact guilty of the charges.  The parties agree to the following

factual basis for this plea:

**On or about June 3, 2020 in the Western District of Kentucky, Jefferson County,
Kentucky, the defendant, DAMION LEMONT HAYES, aided and abetted by others known
and unknown to the Grand Jury, while brandishing or possessing a firearm, took a black
2017 Subaru Forester, bearing vehicle identification number JF2SJAGC6HH51399 and
Kentucky license plate 299 WKG, that had been transported, shipped, and received in
interstate commerce, from E.S. by force, violence, and intimidation, with the intent to cause
death or serious bodily harm.**

1

4.      Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of fifteen (15) years, a maximum fine of $250,000, and three (3) years of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      If Defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury

2

trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt.

B.     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence in his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.     At a trial, Defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If Defendant desired to do so, he could testify in his own behalf.

8.     Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.      Defendant acknowledges liability for the special assessment mandated by 18

U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District

Court Clerk's Office by the date of sentencing.

10.     At the time of sentencing,

- the United States and Defendant will agree that a sentence of
imprisonment between seventy-eight (78) and ninety-seven (97)
months is the appropriate disposition of this case. The parties are
free to argue for an appropriate sentence within that range.

- the United States will agree that a reduction of 3 levels below the
otherwise applicable Guideline for "acceptance of responsibility" as
provided by §3E1.1(a) and (b) is appropriate, provided the
defendant does not engage in future conduct which violates any
federal or state law, violates a condition of bond, constitutes
obstruction of justice, or otherwise demonstrates a lack of
acceptance of responsibility.  Should such conduct occur and the
United States, therefore, opposes the reduction for acceptance, this
plea agreement remains binding and the defendant will not be
allowed to withdraw his plea;

- the Defendant will agree to voluntarily forfeit all firearms and
ammunition involved in the commission of the offense, including,
but not limited to: a 9mm M&P Shield bearing serial number
HXU9762

11.     Both parties have independently reviewed the Sentencing Guidelines applicable in

this case, and in their best judgment and belief, conclude as follows:

A.      The Applicable Offense Level should be determined as follows:

| | |
|---|---|
| **Base Offense Level (§2B3.1(a))** | **20** |
| **§2B3.1(b)(2)(B) [Brandishing Firearm]** | **+5** |
| **§2B3.1(b)(4) [Victim Restraint]** | **+2** |
| **§2B3.1(b)(5) [Carjacking]** | **+2** |
| **Adjusted Offense Level** | **29** |
| **§3E1.1(a) & (b) [Acceptance]** | **-3** |
| **TOTAL OFFENSE LEVEL** | **26** |

B.     The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

12.     Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the Defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

13.     Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control, including but not limited to, all firearms and ammunition involved in the commission of the offense, including, but not limited to: a 9mm M&P Shield bearing serial number HXU9762

14.     By this Agreement, Defendant agrees to forfeit all interests in the properties listed in paragraph 13 above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

15.     Defendant agrees to waive any double jeopardy challenges that Defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment.  Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Superseding Indictment based upon any pending or completed administrative or civil forfeiture actions.

16.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed.  The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

17.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to Defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

18.     The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

19.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal

Revenue Service.  Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 9 of this Agreement.

20.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

21.     If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and Defendant will be allowed to withdraw the plea of guilty.

22.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.   Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement.  Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

23.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and

Defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to Defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____          _____October 26, 2020_____
CHRISTOPHER C. TIEKE                         Date
Assistant United States Attorney

     I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____          _____10.26.20_____
DAMION LEMONT HAYES                         Date
Defendant

     I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          _____10.26.20_____
CHASTITY BEYL                               Date
Counsel for Defendant

RMC:CCT

8