UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Filed Electronically)

**CRIMINAL ACTION NO.3:20-CR-0054-DJH**
**UNITED STATES OF AMERICA,**                                             **PLAINTIFF,**

**vs.**

**DAMION LEMONT HAYES,**                                                   **DEFENDANT.**

## DEFENDANT'S SENTENCING MEMORANDUM

Comes the defendant, Damion Lemont Hayes ("Defendant", or, in the alternative, "Mr. Hayes"), by counsel, and respectfully requests this Honorable Court to consider the following factors and sentence Mr. Hayes to 78 months imprisonment, followed by 3 years of supervised release, consistent with the Rule 11(c)(1)(C) plea agreement he entered on October 26, 2020. DN 38. In support, the Defendant states as follows:

### I. INTRODUCTION

The Defendant pled guilty to one count of Carjacking pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) on October 26, 2020. *Id.* Mr. Hayes is scheduled to be sentenced on February 4, 2021. He is respectfully requesting the Court impose a sentence of 78 months imprisonment with a 3 year period of supervised release which is consistent with the 11(c)(1)(C) plea agreement. *Id.*

### II. PRE-SENTENCE REPORT

**A.**     **Factual Objections/Additions**

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

1

Defendant has no factual objections to the Final Pre-Sentence Report ("PSR"). DN 41.

**B.     Legal Objections**

The Defendant objects to the 2 level enhancement pursuant to USSG §3C1.2 as reflected in ¶¶22, 27, and 58 of the PSR as there is not a sufficient nexus between the crime of conviction and flight. Mr. Hayes asserts that without the 2 level enhancement, his total offense level is 26 (as stated in the plea agreement) and as applied to his criminal history category of III, results in a guideline range of 78 to 97 months.

*U.S. v. Dial,* 524 F.3d 783, 786-787 (6th Cir. 2008) provides a five-part test for determining if a §3C1.2 enhancement should apply:

> the government must show that the defendant (1) recklessly, (2) created a substantial risk of death or serious bodily injury, (3) to another person, (4) in the course of fleeing from a law enforcement officer, (5) and that this conduct 'occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.' When determining whether the flight and the offense of conviction [are] connected sufficiently for the reckless-endangerment enhancement to apply, [the Court looks] 'primarily at any evidence of the defendant's state of mind while fleeing.' To supplement the inquiry into the defendant's state of mind, [the Court should] 'examine[ ] the temporal and geographic proximity of the reckless endangerment during flight to the offense of conviction.' Citing and adopting the analysis of *U.S. v. Southerland,* 405 F.3d 263 (5th Cir. 2005).  (Internal citations omitted).

Here, the fifth element of the analysis is at issue which concerns Mr. Hayes' state of mind when he fled. Paragraphs 10 and 11, as well as, paragraph 38 of the PSR set forth the relevant facts for this court to consider in this analysis. At the time of the chase, Mr. Hayes, who has little memory of the events, was under the influence and stated that he was on probation and not allowed to be in possession of a gun. *Id.* at ¶11. One of the passengers had a gun and later admitted to possessing it. Further, as evidenced by paragraph 38 of the PSR, Mr. Hayes had an outstanding

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

bench warrant for his failure to appear in court the day before. Further, he was aware that the car was stolen and thus could be charged with such an offense.

Probation has asserted that the temporal and geographic proximity to the carjacking supports the enhancement. First, this is only part of the determination for the court to make in order to decide what Mr. Hayes' state of mind was at the time of the offense. As demonstrated above, Mr. Hayes had other reasons for fleeing that were not connected to the car jacking; in fact, he told officers this in his statement at the hospital. Even still, he had not been charged with car jacking at the time of the chase and was not the person who had the gun during the commission of the robbery. Thus, at the time of the flight, his knowledge was that he had a friend in a stolen car with a gun and that friend was the one that had committed a car jacking. Mr. Hayes' state of mind as far as the potential charges against him consisted of a probation violation and driving a stolen vehicle. Second, temporal and geographic proximity of the charges for which Mr. Hayes believed he was fleeing–a probation violation and driving a stolen vehicle–were closer than that of the carjacking charge as it was occurring simultaneously with the flight.

Further, Application Note 4 defines "another person" as "any person, **except** a participant in the offense who willingly participated in the flight." (Emphasis added). There is no evidence that the other individuals in the vehicle were not willing participants and 2 others were, in fact, involved in the theft of the vehicle. Moreover, there is no evidence presented that other drivers were on the road in the wee hours of the morning when the chase occurred that may have been in danger or that there were maneuvers made by the Defendant that put others, including the pursuing officers, at risk.

### III. STATUTORY SENTENCING RANGE

The single count in the indictment carries a penalty of not more than fifteen (15) years

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

imprisonment pursuant to 18 U.S.C. §2119; not more than a $250,000 fine pursuant to 18 U.S.C. §3571(b); and not more than three (3) years of supervised release pursuant to 18 U.S.C. §3583(b)(2).

### IV. ADVISORY GUIDELINE RANGE AND PLEA AGREEMENT RECOMMENDATION

The PSR outlines a final offense level of 28. *Id.* at ¶¶27 and 58. Mr. Hayes, who has 5 criminal history points, falls within Criminal History Category III. *Id.* at ¶35. This results in an *advisory* Guideline range of 97 to 121 months. *Id.* at ¶58. The United States has agreed to recommend, as part of the Rule 11(c)(1)(C) plea, a term of imprisonment of 78 to 97 months. DN 38 at ¶10.

### V. SENTENCING LAW

The advisory sentencing guideline range is but one factor for the Court to consider when fashioning an appropriate sentence. Specifically, the Court must consider the advisory guidelines *as well as other factors* in arriving at a "reasonable" sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing imposed by 18 U.S.C. §3553(a)(2). Specifically, 18 § U.S.C. 3553(a) requires:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed--
>
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> **(B)** to afford adequate deterrence to criminal conduct;

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for--

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

**(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement--

**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

**(7)** the need to provide restitution to any victims of the offense.

Another statute that also impacts sentencing in the case at hand is 18 U.S.C. §3661. It requires that "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

The district court must give consideration to the guidelines in determining a sufficient sentence, but it may not presume that the guideline sentence is the correct one. *Gall v. United States,* 552 U.S. 38, 46 (2007) and *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). In fact, the Court is free to consider whether the advisory guideline sentence itself "fails properly to reflect §3553(a) considerations" in this case, and/or whether the advisory guideline at issue exemplifies the Sentencing Commission's "exercise of its characteristic institutional role."*Rita, supra* at 2465 and *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007).

### VI.  THE APPROPRIATE SENTENCE FOR MR. HAYES

**A.     Relevant Facts of the Offense for the Court to Consider**

While not diminishing the seriousness of the offense, the proof before the Court is that the one of the un-indicted co-defendants possessed the weapon in this offense. Mr. Hayes is the only defendant that was charged and the other two remain out of custody and, it is believed, have fled the state. Mr. Hayes has taken responsibility for his actions for this crime and will accept the punishment this Court deems reasonable.

**B.     Mr. Hayes' Personal and Criminal History**

Mr. Hayes is 21 years old. His history is unique and tragic. He was born to a 15 year old drug-addicted mother and suffered from alcohol and drug withdrawal, which included seizures, as

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

6

an infant as a result. DN 41 at ¶¶42 and 50. Addiction, coupled with allegations of sexual abuse against Mr. Hayes, caused Child Protective Services to intervene and he was taken away from his mother. He, along with his brother, were placed in the custody of Tiffany White Diaz when Mr. Hayes was 2 years old. *Id.* at ¶42. Mr. Hayes' biological father went to prison around this same time. *Id.* Mr. Hayes was raised by his adopted parents.

The Defendant, who is only 5'10" and 140 pounds now, was robbed at the age of 16 after getting off the school bus. This was a turning point in his life. In order to better protect himself, he started hanging around with a tougher crowd and got involved "in the streets." As a result, he began to sneak out of the house and run away. His mom, Tiffany, frustrated with his behavior, kicked him out of her house. He would stay at friends' houses off and on, but primarily slept in a car lent to him by his cousin who was also a close friend. Mr. Hayes also began stealing to support himself and using drugs at this time.

In 2016, Mr. Hayes reconnected with his biological mother. At first, they had a good relationship, but eventually his mother's focus centered on what the Defendant could do for her financially. At first, he gave his mother money, but then she would ask him to steal items for her. When he refused to do so, she would become upset. In turn, she would make promises to take care of him, but would not follow through. As an example, when the Defendant gave her money to pay a bill for him, she used the money for drugs instead. Similarly, she would initially tell Mr. Hayes that he was allowed to stay at her house, but then tell him he wasn't welcome when he couldn't give her money to pay bills.

Also in 2016, Mr. Hayes' cousin, who had lent him the car to sleep in, was killed. A year later, Mr. Hayes lost his adoptive father to a heart attack. *Id.* at ¶42. But, the Defendant was most

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

7

impacted by the loss of both his brothers. His full brother was murdered in 2018 and his adopted brother died of a drug overdose in March of 2020. *Id.*

The timing of the deaths of his close friends and family correspond to Mr. Hayes' criminal behavior and drug addiction. Per the PSR, the year he lost his adoptive father coincides with his first arrest. *Id.* at ¶30. In 2018, when his brother was murdered, Mr. Hayes was arrested four times. *Id.* at ¶¶31, 32, 39 and 40. Although he only has 5 criminal history points, the Defendant has one prior felony which undoubtedly concerns this court. In November of 2018, Mr. Hayes, along with a co-defendant, was indicted for murder and robbery. This is a capital offense in Kentucky and carries the potential penalty of death. Mr. Hayes' charges were amended to facilitation to murder and robbery (Class D felonies, carrying 1 to 5 years in prison each) and he received **diversion** for these offenses. *See* Order Granting PreTrial Diversion of a Class D Felony attached as **Ex. A.** Under Kentucky law, if he had completed the terms of his diversion/ probation, the charges would have been dismissed and expunged from his record. It goes without saying, that this is a highly unusual result for such charges. This deal, based upon the undersigned's experience in Jefferson Circuit Court and per Mr. Hayes, is the result of a weak case against Mr. Hayes and the Defendant's desire not to take his chances at trial. Mr. Hayes entered an *Alford* plea to the offenses and, thus, maintained his innocence of the charges. *Id.*

It is not surprising, based upon Mr. Hayes' personal history, that he suffers from drug addiction and mental health issues. As to the latter, Mr. Hayes treated for over a year at Sullivan Psychiatric Group from March 2015 through August of 2016 for Disruptive Mood Dysregulation Disorder and Attention Deficit Hyperactivity Disorder. DN 41 at ¶48. He received therapy and medication for this disorder, but stopped all mental health treatment in 2017. *Id.* at ¶¶47-48. In 2016, Mr. Hayes began smoking marijuana daily. *Id.* at ¶49. His drug addiction became more severe

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

8

in 2018 when he began to abuse prescription opiates and ecstasy which he used weekly until 2020. In addition, Mr. Hayes used Xanax on a daily basis from 2018 up until his arrest. *Id.*

Mr. Hayes obtained his GED in 2019. *Id.* at ¶51. He plans to seek a degree and/or training in the automotive industry. *Id.* at ¶52. In fact, during the course of the undersigned's representation, Mr. Hayes has requested names of facilities and descriptions of programs so he can pursue this goal. He has received said list and will advise the Court at sentencing of his request for a facility where he can receive such training.

  **C.** **A 78 Month Sentence is Sufficient but Not Greater Than Necessary for Mr. Hayes.**

Pursuant to 18 U.S.C. §3553(a), a 78 month sentence of imprisonment followed by 3 years of supervised release for Mr. Hayes is sufficient but not greater than necessary for this offense. 78 months of incarceration is a significant sentence, but a proper sentence for the offense of which he will stand convicted. Sentencing Mr. Hayes to such a lengthy sentence would reflect the seriousness of the offense and would provide just punishment when balanced with his personal history. This is especially true for a 21 year old who has not previously spent a great deal of time in jail. The longest that Mr. Hayes has spent in custody was awaiting the resolution of his prior felony, which was roughly 16 months. If the Court were to impose the 78 month sentence, Mr. Hayes will be 27 years old when he is released from custody and would then be under supervision until he is 30 years old. While he will still be young when he is released, he will have missed years when most individuals his age are graduating from college, starting a job, getting married and having children. To miss out on such opportunities will have a great impact on him. Taking Mr. Hayes away from this significant period in his life for 78 months would promote his respect for the law and deter him from further

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

9

criminal behavior. This time will also allow him to get much needed drug and mental health treatment, as well as, training toward his employment goals. 78 months incarceration would take Mr. Hayes away from the influences of the street for approximately 6 years and would keep him in an environment that can provide treatment and tools to help him deal with the extensive personal tragedies in his life. This, followed by 3 years of supervised release, would be a sufficient, but not greater than necessary sentence for Mr. Hayes.

### VII. CONCURRENT SENTENCE

Finally, Mr. Hayes request the Court run this sentence concurrent with his pending state court cases. The undersigned has spoken with the Mr. Hayes' attorney in state court, as well as, the assistant Commonwealth Attorney assigned to his cases. The state government is in agreement to run the 10 years on his motion to revoke (18-CR-3427-002), as well as, the time in a pending felony case (20-CR-1273) concurrent with his time in federal court. *See* plea sheets attached as **Ex. B.** Even though there are agreements in state court to run his time concurrent to his federal sentence, out of an abundance of caution, Mr. Hayes requests the Court include in its order that the time in this case is to run concurrent with his state time.

This Court has the authority to order that Mr. Hayes serve his sentence in this case concurrently with his anticipated state time pursuant to 18 U.S.C. §3584 and the United States Supreme Court decision in *U.S. v. Setser,* 566 U.S. 231 (2012). In the latter, the U.S. Supreme Court was tasked with determining the authority of a District Court when it sentenced a Defendant to consecutive time with a pending, unrelated state court case. *Id.* at 233. On this issue, it held:

> Judges have traditionally had broad discretion in selecting whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings. The statutory text

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

10

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

and structure [of 18 U.S.C. §3584] do not foreclose a district court's exercise of this discretion with respect to anticipated state sentences.
*Id.* at 232. (Internal citations omitted).

18 U.S.C. §3584(b) provides that the Court is to consider the factors set forth in 18 U.S.C. §3553(a) in determining whether the separate terms of imprisonment are to be ordered to run concurrently or consecutively.

Here, based upon the arguments outlined above in support of the 18 U.S.C. §3553(a) factors, Mr. Hayes respectfully requests the Court, in addition to a sentence of 78 months imprisonment, enter an order that his federal sentence run concurrent with any anticipated state court sentence of incarceration.

### VIII.  CONCLUSION

For the foregoing reasons, the parties ask the Court to accept the FRCrP 11(c)(1)(C) plea agreement herein and the Defendant requests that the Court sentence him to 78 months imprisonment followed by 3 years of supervised release.

/s/ Chastity R. Beyl
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

11

**CERTIFICATE**

I hereby certify that on January 25, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Christopher Tieke, Assistant United States Attorney.

/s/ Chastity R. Beyl

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808