UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:20-CR-00054-DJH |
| DAMION LEMONT HAYES | DEFENDANT |

## SENTENCING MEMORANDUM
*-Electronically Filed-*

The United States of America, by counsel, files its memorandum in support of sentencing in this action currently scheduled for February 4, 2021. The United States does not plan to put on testimony at the hearing; however, there are victims in this case that may wish to address the Court. The United States respectfully requests that the Court accept the parties' Plea Agreement and that the Court sentence Hayes to a term of imprisonment somewhere within the 78 to 97 range, which is sufficient, but no greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

## I. OFFENSE CONDUCT

On June 2, 2020, E.S. was driving her black, 2017 Subaru Forester (VIN: JF2SJAGC6HH513991, KY 299-WKG) with her friend, down Bardstown Road when they ran into police activity and crowds. *See* Presentence Investigation Report ("PSR") [DN 41] at Page ID #111. They parked and got out of the vehicle to see what was going on. *Id*. While walking back to the vehicle, they were approached by two females and five males requesting a ride. *Id*. When they returned to the vehicle, three males got into the car, including the defendant Damion Hayes. *Id*. After stopping at various locations, including to get gas, E.S. asked the men to get out of the car. *Id*. When E.S. turned to tell the men to get out of the car, Damion Hayes, who was

1

sitting in the rear, passenger seat was holding a small, black, semi-automatic pistol at her head. *Id.* Both victims confirmed to law enforcement that the individual holding the gun was Hayes and that he threatened that if the girls screamed, he would shoot.[1] *Id.* at #112. E.S. and her friend were pulled out of the car. *Id.* In the course of pulling the victims from the vehicle, E.S. was physically restrained and her hands were pulled behind her back. *Id.* at #111. The men, including Damion Hayes, took the vehicle and left E.S. and her friend at Strader and Wheeler Street in Louisville at 12:23 a.m. on June 3, 2020. *Id.* at #112.

On June 4, 2020, at approximately 1:40 a.m. LMPD officers were in pursuit of the Subaru, which flipped into the median off I-64. *See* PSR at #112. At that time five people, including Hayes, were inside the vehicle and were taken to the hospital to be treated for their injuries. *Id.* While initially denying to law enforcement that he was driving the vehicle, Hayes confirms that he was in fact the driver of the stolen vehicle when it was fleeing from police. *See* Def. Sent. Memo at Page ID # 130.

The firearm, a 9mm M&P serial number HXU9762 was recovered from the Subaru. PSR at #112. An LMPD functionality test determined that the firearm functioned properly. In addition, 40 caliber red tip hallow-point bullets were also recovered from the vehicle. A review of Damion Hayes' social media located a photo and video of Hayes with what appears to be the same firearm that was discovered in the Subaru. It has a very distinctive punisher logo on the sleeve of the gun.

The Subaru's vehicle identification number was run in an open source database which provides information on where the vehicle was assembled. This vehicle was assembled in OTA, Gunma, Japan. Based on the vehicle's presence in Louisville, Kentucky, this vehicle traveled in interstate commerce. PSR at #110.

---

[1] As the PSR notes, according a police report, the juvenile male involved in the robbery, not Hayes, admitted to police officers that he was in possession of the firearm used during the commission of the robbery. However, this juvenile is not specific as to what point in time during the robbery did he possess the firearm nor did he admit he, and not Hayes, pointed the firearm at the victims. Regardless, it is a distinction without a difference as it does not change the guideline range and Hayes does not dispute that USSG § 2B3.1(b)(2)(C) should apply.

On June 17, 2020, the Grand Jury returned an Indictment against Hayes for violating Title 18 U.S.C. § 2119 & 2. PSR at #110; Indictment [DN 1].

## II. PLEA AGREEMENT

On October 26, 2020, Hayes pled guilty to the single count of the Indictment charging him with carjacking in with violation of Title 18, U.S.C., Sections 2119 and 2. *See* Plea Agreement [DN 38]; Indictment [DN 1].

Pursuant to the Plea Agreement, which was made under Rule 11(c)(1)(C), the United States and Hayes agree that a sentence of imprisonment between 78 to 97 months is the appropriate disposition of this case. *See* Plea Agreement, [DN 38]. In the Plea Agreement, the parties reserved their right to argue for an appropriate sentence within that range. *Id*.

## III. GUIDELINES CALCULATION

The United States agrees with the U.S. Probation Office's calculations contained within its Presentence Investigation Report ("PSR"). Defendant's total offense level should be 28 pursuant to USSG §2B3.1, *et seq*. *See* PSR at #113

The United States further agrees with U.S. Probation the criminal history category is III pursuant to USSG §4A1.1 *See* PSR at #115-116.

As calculated in the PSR, a total offense level of 28 against a criminal history category of III produces a sentencing guideline range of 97 - 121 months' imprisonment. *Id*. at #120.

It is the United States' position that two level enhancement pursuant to USSG §3C1.2 was correctly applied in this case. USSG 3C1.2 of the Sentencing Guidelines provides for a two-level enhancement for reckless endangerment during flight. This enhancement applies when the government can show by a preponderance of the evidence that: "the defendant (1) recklessly, (2) created a substantial risk of death or serious bodily injury, (3) to another person, (4) in the course of fleeing from a law enforcement officer, (5) and that this conduct occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of

3

attempting to avoid detection or responsibility for that offense." *See United States v. Dial*, 524 F.3d 783, 786-87 (6th Cir. 2008).

Hayes challenges only the fifth part of the *Dial* test, arguing that there is not a sufficient nexus between his reckless flight from police on June 4, 2020 and his underlying carjacking offense that occurred the night before. Hayes essentially argues that he was actually fleeing a probation violation and knew he was driving a stolen vehicle. This argument ignores the fact that Hayes was an integral part of the carjacking (his offense of conviction) that led to him driving a stolen vehicle. Clearly his flight not only had a nexus to his underlying offense, it was directly connected with the carjacking he had spear-headed the night before. Regardless, *Dial* instructs that "the government need not demonstrate that the underlying offense caused either the reckless endangerment during flight or the flight itself, only that a sufficient nexus lie between the underlying offense and the reckless flight." *See Dial*, 524 F.3d at 787 (internal citations omitted). Here Hayes admits he knew he was driving a stolen car and he plead guilty to participating in the carjacking that precipitated his presence in the stolen vehicle and the subsequent police chase. A sufficient nexus exists. *See United States v. Rodriguez,* 797 F. App'x 171, 172 (5th Cir. 2020) (applying USSG 3C1.2 where defendant fled from police in the vehicle he stole during the carjacking that occurred three to four days earlier).

As the PSR notes, U.S. Probation's calculations differ from the parties' calculations contained within the Plea Agreement. *See* PSR at #121. The parties anticipated a total offense level of 26 (after acceptance) against a criminal history of III. *See* Plea Agreement, DN 38. This would produce a sentencing guideline range of 78 to 97 months and the applicable sentence range agreed to in the plea agreement would have been the same as calculated by U.S. Probation.

The United States agrees that U.S. Probation's guideline calculation is correct and is the applicable guideline range. However, consistent with the agreements in the Plea Agreement and for the reasons set forth below, the United States will maintain its recommendation that Hayes be

sentenced to a term of imprisonment at the discretion of the Court but within the range of 78 to 97 months.

## IV. SENTENCING FACTORS

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
. . .

(5) any pertinent policy statement--
. . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

It is the position of the United States, that a term of imprisonment within the range of 78 to 97 months made at the discretion of the Court would accomplish the sentencing purposes of 3553(a). As discussed below, the 3553(a) factors support the United States' requested sentence.

1. **Nature and Circumstances of the Offense/History and Characteristics of the Defendant.**

The nature of the offense combined with the history and characteristics of the defendant support the recommended sentence.

The seriousness of Hayes' offense cannot be understated. Under the cover of protest activity occurring in Louisville, Hayes, and a group of others, were given a ride by two females, only to later brandish a firearm, physically remove the two victims from the Subaru they were in, and steal the vehicle. *See* PSR at #111. After a day of joyriding with the stolen Subaru, the carjackers, with Hayes driving the vehicle, led police on a chase before wrecking the car on Interstate 64. *Id*. at #112. All five of the occupants were transported to the hospital. The Subaru was totaled. Hayes, who was on diversion from a state complicity to murder conviction, was arrested.

As is detailed in the PSR, Hayes has an almost continuous history of criminal activity since the age of eighteen. This criminal history includes resisting arrest, carrying a concealed deadly weapon, and complicity to robbery and murder. *See* PSR at #114-115. In addition, Hayes has pending state court charges including being a convicted felon in possession of a handgun, failure to dispurse, and possession of marijuana. *Id*. at #116. Hayes' criminal history and conduct while released on court supervision makes clear that past conditional sentences and diversion coupled with the gravity of court supervision have failed to deter Hayes from committing crimes. A sentence within the range of 78 to 97 months will be the longest Hayes has served in prison.

As is also clear from the PSR, Hayes had a shocking and lurid childhood, much of which was through no fault of his own. His childhood included being born with alcohol and drugs in his system introduced to him through his biological mother who put beer in Hayes' bottle. *See* PSR at #119. Due to the nature of his childhood, Child Protective Services intervened and Hayes, at the age of two, was placed in the custody of another family. *Id*. at #118. Hayes was raised by his

adopted mother and her husband who provided him with a good life free of abuse and neglect. *Id*. Hayes also has an extensive history of mental health issues dating back to 2010. *Id*. At various treatment facilities in Louisville, Hayes has received treatment for Attention Deficit Hyperactivity Disorder, Bipolar Disorder, Poor Impulse Control, Reactive Attachment Disorder, and Depression. *Id*. Additionally, Hayes has a history of extensive substance abuse including abusing marijuana, ecstasy, prescription opiates, and benzodiazepine. Hayes has a significant history of mental health issues that may have driven his actions and are a factor to be considered, but certainly do not excuse his reckless and continuous criminal history.

Hayes has recognized the impact of his crime, has admitted his guilt, and has taken responsibility for his actions in this case. A sentence of imprisonment within the parties' recommended range of 78 to 97 months balances the severity of the crime and the need for punishment.

### 2. Need for the Sentence Imposed

As reflected in the PSR, Hayes has a significant criminal history that has been undeterred by the punishments faced at the state level. This history reflects involvement with the criminal justice system that failed to deter him from committing crimes of all kinds. The significant sentence requested in this case that includes a term of incarceration for somewhere between 78 and 97 months is necessary to deter Hayes from committing future crimes. This sentence appropriately recognizes the seriousness of Hayes' offense and balances the severity of the crime and the need for punishment with the individual characteristics of Hayes, including his mental health and addiction issues.

### 3. Kinds of Sentences Available

A sentence of imprisonment within the Guideline range of 78 to 97 months strikes the appropriate balance of punishing Hayes for his serious crimes, providing him the opportunity to

obtain treatment for substance abuse issues and indicates the seriousness with which violent carjacking crimes are viewed.

### 4. Avoidance of Sentencing Disparities

Hayes is facing a significant sentence and will serve the formative years of his twenties in prison. The United States acknowledges that a term of imprisonment within the range of 78 to 97 months (which the parties had calculated to be at the applicable guideline range) falls somewhat below the recommended Guideline range calculated by USPO in this case. Several factors unique to this case support sentencing within the range suggested by the parties. These factors, amongst other things, include Hayes' personal characteristics, including his education, mental health issues and substance abuse; the failure of being held accountable in his previous interactions with the criminal justice system; and his immediate acceptance of responsibility.

In light of these factors, the United States believes that a term of imprisonment within the range of 78 to 97 months is sufficient but not greater than necessary to satisfy all of the relevant sentencing factors, provides just punishment, and avoids unwarranted sentencing disparities.

## V. RESTITUTION

Pursuant to 18 U.S.C. § 3663A, restitution is mandatory in this case. Accordingly, the parties have agreed that Hayes shall pay restitution in the amount of $20,117.81. An Agreed Order of Restitution will be tendered to the Court at sentencing.

## VI. CONCURRENT SENTENCE

The United States has no objection to any plea agreements in state court that would include running Hayes' sentence in this matter concurrent with any pending state charges should state prosecutors, in their discretion, decide this is an appropriate course of action.

## VII. CONCLUSION AND SENTENCING RECOMMENDATION

For the reasons set forth herein, the United States respectfully requests the Court to follow the statutory directives set out in 18 U.S.C. § Section 3553(a) and accept the parties' Plea

Agreement and sentence Hayes to a term of imprisonment at the discretion of the Court but within the range of 78 to 97 months followed by three (3) years of supervised release and restitution consistent with the Agreed Order of Restitution to be filed in this case

Respectfully submitted,

MICHAEL A. BENNETT
Acting United States Attorney

_____
Christopher C. Tieke
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
502-582-5911
christopher.tieke@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2021 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: **Chastity Beyl, Esq.**, counsel for defendant.

_____
Christopher C. Tieke
Assistant U.S. Attorney